UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MAURICE ANTHONY BROWN,<br><br>　　　　　　　　　　Petitioner,<br><br>　　v.<br><br>KING COUNTY SUPERIOR COURT,<br><br>　　　　　　　　　　Respondent. | CASE NO. 2:22-CV-00761-LK<br><br>ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION AND DENYING MOTION AS MOOT |

　　　　This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge David W. Christel. Dkt. No. 18. Judge Christel recommended that the Court dismiss Petitioner Maurice Anthony Brown's habeas corpus petition without prejudice because he has failed to correct its deficiencies and to keep the Court advised of his current address. *Id.* at 1. For the reasons set forth below, the Court declines to adopt the Report and Recommendation ("R&R") based on Mr. Brown's filings after the R&R was issued and gives him one more chance to file a complete habeas petition.

ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION AND DENYING MOTION AS MOOT - 1

Mr. Brown has also filed a motion that appears to request a status update in this case. Dkt. No. 23. Because this Order summarizes the status of the case and what Mr. Brown needs to do next, the motion is denied as moot.

## I.  BACKGROUND

Mr. Brown is proceeding pro se and in forma pauperis. Dkt. No. 6; Dkt. No. 18 at 1. Judge Christel screened his habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, found that the petition was incomplete because it was missing every other page and failed to identify the officer who has custody over Mr. Brown, and ordered Mr. Brown to file an amended petition correcting those deficiencies by August 19, 2022. Dkt. No. 8 at 1–2. Judge Christel warned Mr. Brown that if he failed to adequately respond to the Order, dismissal of the action would be recommended. *Id.* at 2.

Judge Christel granted Mr. Brown two extensions of time, ultimately extending the deadline to file an amended petition to December 2, 2022. See Dkt. Nos. 9, 10, 13, 14. On September 29, 2022, Mr. Brown filed a motion for discretionary review, which did not respond to the Court's Order requiring a complete habeas petition. *See* Dkt. No. 15. On January 9, 2023, Judge Christel issued an Order providing Mr. Brown an additional opportunity to file an amended petition; the Order warned that if an amended petition was not filed on or before January 31, 2023, Judge Christel would recommend dismissal of this action. Dkt. No. 16 at 2. The Order also noted that Mr. Brown had not filed any documents with the Court since September 29, 2022. *Id.* That Order was returned as undeliverable. Dkt. No. 17.

Judge Christel issued an R&R recommending dismissal without prejudice. Dkt. No. 18 at 2. The R&R noted that Mr. Brown did not provide the Court with his current address as required by Local Civil Rule 41(b)(2), and more than 60 days had passed since the January 9, 2023 Order

was returned. *Id.* Additionally, Mr. Brown did not respond to the January 9, 2023 Order or correct the deficiencies in his habeas petition. *Id.*

Mr. Brown filed numerous documents in response to the R&R. Dkt. Nos. 19–23. First, he filed documents he captioned as motions that appear to be similar to his previously filed motion for discretionary review. *Compare* Dkt. No. 15, *with* Dkt. No. 19; *see also* Dkt. No. 18 at 2 (identifying Docket Number 15 as a motion for discretionary review).[1] Second, he filed objections to the R&R requesting to have his habeas petition "reinstated" and stating that his mail had been "mismanaged" and "rerouted to unknown addresses[.]" Dkt. No. 20 at 1–2. Third, he filed "motions filed with the MRJC Superior Court" and requested that they be included in his "appeal." Dkt. No. 21 at 1. Fourth, he filed a notice of his new address. Dkt. No. 22. And fifth, he filed a "Motion: on appeal status of case and it[]s findings" seeking an "update to the status" of the case. Dkt. No. 23 at 1.

## II.    DISCUSSION

This Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which" a party objects. 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (same). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3). However, the Federal Magistrates Act "does not on its face require any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140,

---

[1] It is unclear whether Mr. Brown intended his "motions," Dkt. No. 19 at 1, to be heard by this Court, but if he did, they are denied without prejudice because he has not filed a servable petition as Judge Christel previously explained. Dkt. No. 16 at 2 ("To the extent Petitioner is seeking relief in the 'motion for discretionary review,' the motion is denied as Petitioner has not filed a servable petition.").

ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION AND DENYING MOTION AS MOOT - 3

149 (1985); *see Reyna-Tapia*, 328 F.3d at 1121 ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

Judge Christel indicated in January 2023 that Mr. Brown should have another chance to correct his petition, Dkt. No. 16, and the Court agrees. It is unclear whether Mr. Brown received Judge Christel's January 9, 2023 Order directing Mr. Brown to file an amended petition. Dkt. Nos. 16 , 17. Although it is his obligation to keep the Court apprised of his current address, LCR 41(b)(2), he has subsequently—albeit belatedly—done so, Dkt. No. 22. In light of those facts, Mr. Brown's pro se status, and his expressed desire to have his habeas petition "reinstated," Dkt. No. 20 at 1, the Court declines to adopt the R&R and will give Mr. Brown one last chance to file a proper habeas petition. Mr. Brown must file a complete habeas petition, naming a proper respondent, on or before July 3, 2023. If Mr. Brown fails to file a complete petition that names the proper respondent, this action will be dismissed without prejudice. The Court will not grant any additional extensions of time.

### III.   CONCLUSION

For the foregoing reasons, the Court DECLINES TO ADOPT the R&R, Dkt. No. 18, and DENIES as moot Mr. Brown's Motion on Appeal Status, Dkt. No. 23. Mr. Brown must file a complete habeas petition, naming a proper respondent, on or before July 3, 2023, or this action will be dismissed without prejudice.

The Clerk is directed to provide copies of this Order to Judge Christel, all counsel of record, and Mr. Brown at his last known address, and to provide Mr. Brown with the forms for filing a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.

//

//

//

Finally, because Docket Number 21 contains personally identifying information and other sensitive information, the Clerk of the Court is directed to seal that document. To avoid having the entire document unavailable to the public, the Clerk shall refile Docket Number 21 with the sensitive pages (pages 14–16) removed from the unsealed copy.

Dated this 12th day of June, 2023.

*Lauren King*

Lauren King
United States District Judge